IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

WANDA PÉREZ-GARCÍA [4],

Defendant.

CRIMINAL NO. 18-193 (GAG)

## REPORT AND RECOMMENDATION

Defendant Wanda Pérez-García [4] was charged in a three-count Indictment and she agreed to plead guilty to Count Three. Count Three charges Defendant with possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

On October 18, 2021, Defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the Court. For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant is on bond and appeared by videoconference from the defense counsel's office. Defendant consented to appearing by videoconference, and both she and her lawyer explained they had discussed the matter. Defendant's image and voice were clear, and she could see and hear the undersigned and the lawyers clearly. Defendant waived physical appearance for the change of plea hearing and consented to appear via video conference. (Docket No. 232).

The hearing proceeded without Defendant physically present because Hon. Judge Gustavo A. Gelpí made the CARES ACT findings at Docket No. 226 as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic and consistent with the Order issued by the undersigned pursuant to the Cares Act (See 20-mc-088), the Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and also afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties."

Defendant was provided with a Waiver of Right to Trial by Jury and Consent to Proceed before a United States Magistrate Judge, which she signed and agreed upon voluntarily after examination under oath. (Docket No. 234)

Defendant indicated and confirmed her intention to plead guilty to Count Three of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.[2]

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated she was receiving mental health treatment in APS prior to her arrest in this case. She is currently receiving said treatment and has been prescribed some medications (Zoloft, Ativan and Risperdal) but she did not take

Having further advised Defendant of the charges contained in above stated Count Three, she was examined and verified as being correct that she had consulted with her counsel, Antonio Bisbal, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact, if she decides not to testify. Defendant

these medications the morning of the change of plea because she was vomiting. However, she asserted that she felt well physically and mentally during the hearing. A determination of competency was made based on Defendant's proper demeanor, coherent responses to the questions asked and the assertions of defense counsel.

was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offense as to which she was pleading guilty. The maximum statutory penalty for the offense charged in Count Three is a term of imprisonment of five (5) years to forty (40) years, pursuant to 21 U.S.C. §841(b)(1)(B); a fine of not to exceed five million dollars ($5,000,000.00), pursuant to 21 U.S.C. §841(b)(1)(B); and a supervised release term of at least four (4) years, pursuant to 21 U.S.C. §841(b)(1)(B).

However, based on the stipulated and agreed amount of narcotics possessed by Defendant, that is, at least one hundred (100) grams but less than two hundred (200) grams of cocaine, the penalty for the offense shall be a term of imprisonment of not more than twenty (20) years; a fine not to exceed one million dollars ($1,000,000.00); and a supervised release term of at least three (3) years, all pursuant to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section

3583(b)(2).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea and Forfeiture Agreement" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to Defendant, verifying her signature on the applicable pages.

Pursuant to said Agreement, and insofar as Count Three, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate an agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

advisory Sentencing Guidelines, were further elaborated and explained. As to Count Three, pursuant to USSG §2D1.1, the base offense level, for possession with intent to distribute 100-200 grams of cocaine, is of Sixteen (16). Pursuant to USSG §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the total adjusted offense level is of Thirteen (13), yielding an imprisonment term of twelve (12) to eighteen (18) months, if Criminal History Category I; fifteen (15) to twenty-one (21) months, if Criminal History Category II; eighteen (18) to twenty-four (24) months, if Criminal History Category III; twenty-four (24) to thirty (30) months, if Criminal History Category IV; thirty (30) to thirty-seven (37) months, if Criminal History Category V; thirty-three (33) to forty-one (41) months, if Criminal History Category VI.

The parties do not stipulate any assessment at to Defendant's Criminal History Category.

As to Count Three, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties that the parties will request a sentence of imprisonment of 12 months and one day.

The parties agree that any recommendation by either party for a term of imprisonment below or the above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. §3553—other than any explicitly provided for in the Plea Agreement-- shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or

departure that is not explicitly provided for in the Plea Agreement will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

At sentencing should there be any pending counts and should Defendant comply with the terms of the Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

Defendant acknowledged being aware of the Forfeiture Provisions included in paragraph twenty-three (23) of the Agreement and discussing the same with her counsel. Defendant indicated she understood its terms and conditions which were explained by her counsel.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the

Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, her attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea.  Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge

of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because she is aware of its content, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count Three was what she had done and to which she was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense. Thereupon, Defendant indicated she was pleading guilty to Count Three of the Indictment in Criminal No. 18-193 (GAG).

This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Three of the Indictment in Criminal No. 18-193 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for February 22, 2022 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. *See*, 28 U.S.C. Sec. 636(b)(1); Fed. R. Crim P. 59 (b)(2); Fed. R. Civ. P. 72(b); and Puerto Rico Local Rule 72(d). Failure to file same within the specified time

waives the right to appeal this order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 18th day of October of 2021.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE